## NICHOLS & SHEPARD COMPANY v. DALLIER et al.

### (137 N. W. 570.)

**Foreclosure — mortgages — evidence.**

In an action in foreclosure, the sole defense urged is that of a total failure of consideration for the giving of the notes and mortgage. On a trial *de novo* in the supreme court, *held*, for reasons stated in the opinion, that such defense is not established by the evidence.

Opinion filed June 26, 1912. Rehearing denied September 13, 1912.

Appeal by defendants from a judgment of the District Court for Stutsman County; *J. A. Coffey,* J., in plaintiff's favor in an action brought to foreclose a mortgage.

Affirmed as modified.

*S. E. Ellsworth,* for appellant.

There was an entire failure of consideration for the notes and mortgage given by defendants, and made the basis of plaintiff's cause of action. Slater v. Foster, 62 Minn. 150, 64 N. W. 161; Snyder v. Kurtz, 61 Iowa, 593, 16 N. W. 722; Rowe v. Blanchard, 18 Wis. 441, 86 Am. Dec. 783; Aultman & T. Co. v. Trainer, 80 Iowa, 451, 45 N. W. 757; Brown v. Weldon, 99 Mo. 564, 13 S. W. 342; Aultman v. Wheeler, 49 Iowa, 647; Toledo Sav. Bank v. Rathmann, 78 Iowa, 288, 43 N. W. 193.

*Turner & Murphy,* of Fargo, for respondents.

Fisk, J. This is an action to forcelose a mortgage on certain real property in Stutsman county, which mortgage was given to secure the payment of three promissory notes,—one for the sum of $750 due November 1, 1907, and the others each for the sum of $700 due respectively on November 1, 1908, and November 1, 1909. The execution and delivery of the note and mortgage are admitted by defendant, and the sole defense relied upon is a total failure of consideration.

Judgment was entered in the court below in plaintiff's favor as prayed for in the complaint, and from such judgment defendants have appealed and demand a trial *de novo* of the entire case in the supreme court.

The facts as disclosed by the record are not seriously in dispute and, in substance, are as follows:

On April 19, 1907, defendant Frank W. Dallier purchased from plaintiff a certain threshing rig consisting of a second-hand engine and one second-hand separator with drive belt and attachments, consisting of a new drive belt, a second-hand stacker, and new self-feeder, a water box and second-hand perfection weigher, at the agreed price of $2,150, and that the three notes aforesaid were given as the purchase price thereof. Defendant Frank W. Dallier signed a written order for such machinery on April 19, 1907, which order, among other things, contained the following stipulations: "The above machinery to be equipped as follows; separator to have new teeth in cylinder and to be given an overhauling at Fargo, and repainted. Engine to have new fire brick and to be generally overhauled. Freight to be paid on above machinery from Fargo, North Dakota, by purchaser. . . . Second-hand ma-

chinery and machinery not built by Nichols & Shepard Company is not warranted. . . . It is further hereby agreed that I (the purchaser) will not hold Nichols & Shepard Company responsible for any agreement not expressed in this order. . . . No representations have been made by the salesmen on behalf of Nichols & Shepard Company which are not herein expressed."

Such contract was made in duplicate, defendant retaining one copy. The notes and mortgage were executed at Eldridge, and plaintiff, after examining the same, was dissatisfied with it, whereupon he caused notice to be given to plaintiff at its Fargo office, stating the objections to receiving the same. A couple of days later plaintiff's representative, Landblom, visited Eldridge and prevailed upon defendant to unload the engine and try it, whereupon Dallier paid the freight, $37, and took the engine to his farm, 4 miles distant, where he started breaking sod with eight plows. Defendant testifies to having had considerable trouble with the engine, claiming that the flues leaked and that it was in other respects not in good condition and as represented. Nevertheless he used the same during the spring and summer in plowing and breaking, and used it to operate the separator during the threshing season, in the fall of that year, and also during the year 1908, and until the same was taken from his possession in a replevin suit instituted by plaintiff. The separator was not shipped to the defendant until some weeks later and during the summer of 1907. The record fails to disclose that there was any objection made by defendant to the separator and other attachments. Defendant testified that "the separator looked fine, was all painted up in first-class shape." After the first fall's threshing was completed Dallier informed the company's agent that he couldn't use the engine, but that the separator was all right. All such machinery was retained and used by the defendant during the years 1907 and 1908, until replevined from him as above stated. When pressed for payment of the notes in the fall of 1906, defendant stated to plaintiff's agent, "If you will hold off for eight or ten days, I will pay this note." Defendant was at such time engaged in threshing with such rig.

The testimony discloses that defendant had considerable trouble with the engine, but whether this was plaintiff's fault we need not here determine; nor need we determine whether such engine, when deliv-

ered, complied with the contract. The sole defense urged is a total failure of consideration for the notes and mortgage in suit; and in view of the established fact that the other machinery complied with the contract, the question as to the condition of the engine is rendered immaterial. Relief on the theory of a partial failure of consideration cannot be granted, even if such partial failure were found to exist, for the simple reason that no proper foundation for such relief was laid, either in the pleading or proof.

After due consideration of the testimony contained in the printed record, we are agreed that the findings of the trial court were correct and should be sustained.

The plaintiffs, having received and retained all of this machinery during two seasons, are in a poor position to urge, in a court of equity at this late date, in effect that the machinery fails to conform to the contract, and that the notes given as the purchase price thereof are wholly without consideration; yet this is their attitude in this litigation. In the light of defendants' own testimony, it is apparent that their claim of a total want of consideration for these notes is wholly without merit. In any event it is perfectly apparent that defendant, by receiving, retaining, and using said machinery for two seasons, instead of returning or offering to return the same promptly upon discovering the claimed defects in the engine, most effectually precludes the defense, which is the sole defense urged, that there was a total failure of consideration for the notes in suit. The proposition is so plain and elementary that we deem citation of authorities entirely useless, but if they are desired by the reader they may be found cited in the valuable note to the case of Noble v. Olympia Brewing Co., as reported in 36 L.R.A.(N.S.) page 467.

But one other matter remains to be noticed. Through a mistake the judgment as entered in the court below is concededly $560 too much, but this is in no way the fault of the trial court, and was apparently caused by a clerical error committed in the office of plaintiff's counsel. Such error was not discovered by said counsel until after the appeal had been perfected to this court. Immediately upon discovering such fact, counsel for plaintiff served upon the clerk of the district court, and also upon defendants' counsel, a notice that plaintiff desired to remit said sum from the judgment, and that the same

536 NORTH DAKOTA REPORTS

be modified and corrected accordingly. They also served an affidavit with such notice, setting forth the fact that such error had just been discovered, and stating the cause thereof; and plaintiff's counsel, in such notice, also notified defendants' counsel that they would ask leave of this court, when the case was reached for argument, to remit from such judgment the said sum of $560 as of the date the same was entered, which they did. No doubt such error would have been rectified by the trial court had it been called to its attention prior to the appeal, but respondents' counsel first learned of such error after they were served with a copy of appellants' brief on this appeal, which was about October 20th of last year. Appellants' abstract was, no doubt, printed prior to said time, as it was shortly thereafter filed in this court. The judgment is affirmed, except as to such excess sum, and as to such sum the motion of plaintiff's counsel to remit same is granted, and the district court is directed to modify the judgment accordingly. It does not appear that such error was the controlling ground for the appeal, nor does it clearly appear that appellant was induced to take such appeal on account thereof. However, we have concluded to allow no costs to either party on the appeal.

As thus modified, the judgment is affirmed.